IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRYSON MITCHELL, ROBERT RAGANS, TYLER WINTERS, and KIRK HEILMAN, *individually and on behalf of all similarly situated employees*,<br><br>Plaintiffs,<br><br>v.<br><br>NOLAN TRASPORTATION GROUP, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-2812-AT |

**JOINT MOTION TO STAY PENDING INDIVIDUAL ARBITRATION**

Plaintiffs, Bryson Mitchell, Robert Ragans, Tyler Winters, and Kirk Heilman ("Plaintiffs") and Defendant, Nolan Transportation Group, LLC ("NTG"), hereby jointly move for entry of an order staying the proceedings in the above-captioned case pending the outcome of the Parties' individual arbitrations of their respective disputes. In support of this Joint Motion, the Parties state:

1. Each Plaintiff entered into an arbitration agreement with NTG.

2. The Parties agree that the arbitration agreement is valid and binding and requires each Plaintiff to pursue all claims relating to employment, including all

claims being asserted in this case, exclusively through arbitration on an individual basis.

3. A proposed agreed order granting the Joint Motion is attached as Exhibit A.

## Memorandum of Law

The FAA, which was enacted in 1925, manifests a long-standing "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 221 (1985). The FAA places the enforceability of such agreements on the same footing as other contracts, and requires courts to "rigorously enforce" them. *Id.* at 217, 221; *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Specifically, Section 2 of the FAA provides that all agreements to arbitrate "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where an arbitration agreement exists, any doubts concerning the arbitrability of a claim must be resolved in favor of arbitration. *Moses H Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

When requested, a court must compel arbitration "in the matter provided for in such agreement." 9 U.S.C. § 4. The FAA also requires courts to stay court proceedings that involve claims subject to an arbitration agreement. 9 U.S.C. § 3.

WHEREFORE, the Parties jointly request that the Court enter an order granting this Joint Motion and staying this matter pending the conclusion of arbitrations, with the Court retaining jurisdiction for the sole purpose of entering orders regarding enforcement of the arbitration awards and/or approving settlements between the Parties, with each side to bear its own fees and costs.

Dated: August 2, 2019

Respectfully submitted,

PLAINTIFFS,

DEFENDANT,

By: /s/ *Matthew W. Herrington*
Benjamin Davis
THE LAW OFFICES OF PETER T. NICHOLL
36 Charles Street
Suite 1700
Baltimore, MD 21201
T: (443) 320-7417

Matthew W. Herrington
DELONG, CALDWELL, BRIDGERS, FITZPATRICK, & BENJAMIN, L.L.C.
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
T: (404) 979-3150

By: /s/ *Joel Griswold*
Joel Griswold (*pro hac vice*)
BAKER & HOSTETLER, LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
T: (407) 649-4000
F: (407) 841-0168

Brian M. Harris
BAKER & HOSTETLER, LLP
1170 Peachtree Street, Suite 2400
Atlanta, GA 30309-7676
T: (404) 459-0050
F: (404) 459-5734

## **CERTIFICATE OF SERVICE**

I certify that on August 2, 2019 I electronically filed the forgoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the parties' attorneys of record.

*/s/ Joel Griswold*
Joel Griswold