## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Nolan Transportation and/or their parents, subsidiaries, and affiliated entities within the past three (3) years, that I have worked in excess of forty (40) hours during an individual workweek for the Defendant/s, and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

_____          4/19/2019
Signature                                 _____
                                          Date


Bryson Mitchell
_____
Name of Party Plaintiff          (*Please print your name legibly*)


# Exhibit A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Nolan Transportation and/or their parents, subsidiaries, and affiliated entities within the past three (3) years, that I have worked in excess of forty (40) hours during an individual workweek for the Defendant/s, and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

_____          4/23/2019
Signature                                _____
                                         Date


Robert Ragans
_____
Name of Party Plaintiff          *(Please print your name legibly)*

DocuSign Envelope ID: 4A910904-28FB-4704-A130-1692561D1A4F

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Nolan Transportation and/or their parents, subsidiaries, and affiliated entities within the past three (3) years, that I have worked in excess of forty (40) hours during an individual workweek for the Defendant/s, and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Tyler Winters

_____         4/4/2019
Signature                             _____
                                       Date


Tyler Winters

_____
Name of Party Plaintiff      (*Please print your name legibly*)

DocuSign Envelope ID: CE61721A-12BA-40B0-8CD3-936C1494C76C

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to the Court that I have been employed by
Nolan Transportation and/or their parents, subsidiaries, and affiliated entities within
the past three (3) years, that I have worked in excess of forty (40) hours during an
individual workweek for the Defendant/s, and that I have not been paid all wages
owed to me pursuant to 29 U.S.C. § 201, *et. seq.*  I authorize through this Consent the
filing and prosecution of this Fair Labor Standards Act action in my name and on
behalf of all persons similarly situated to myself.

DocuSigned by:

*Kirk*

—————————————————————
0342B1CCB24A4E1...

Signature

5/3/2019

—————————————————

Date

Kirk Heilman

——————————————————————————————

Name of Party Plaintiff          (*Please print your name legibly*)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Nolan Transportation and/or their parents, subsidiaries, and affiliated entities within the past three (3) years, that I have worked in excess of forty (40) hours during an individual workweek for the Defendant/s, and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

_____         _____
Signature                                                      Date

6/17/2019

_____
Name of Party Plaintiff          (*Please print your name legibly*)

Lawrence Thompson

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **BRYSON MITCHELL,** *et. al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No: 1:19-cv-02812-AT |
| | ) | |
| **NOLAN TRANSPORTATION GROUP,** | ) | |
| **LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUPPLEMENT IN SUPPORT OF THEIR JOINT MOTION FOR
APPROVAL OF THE SETTLEMENT AGREEMENT**

Plaintiffs, by and through their undersigned counsel and the Law Offices of Peter T. Nicholl, hereby submit their supplement in support of Plaintiffs' Joint Motion for Approval of the Settlement Agreement and in support thereof, state as follows:

Plaintiffs have compiled the billing rates for all attorneys, law clerks and paralegals involved in this matter. This includes a brief summary of their legal experience and the billing ranges provided for in the local rules. The amount of time that each member of the firm spent on the case is also attached. *See* Exhibit 1: Billing Spreadsheet.

**A. Billing Rates – United States District Court for the District of Maryland – Local
Rules Appendix B: Guidelines Regarding Hourly Rates**

a. Lawyers admitted to the bar for less than five (5) years: $150-225.

b. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.

c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.

d. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.

e. Lawyers admitted to the bar for twenty (20) years or more: $300-475.

f. Paralegals and law clerks: $95-150.

**Exhibit B**

**B. Law Offices of Peter T. Nicholl Billing Rates – Wage and Hour Division**

Attorneys:

| | |
|---|---|
| Benjamin L. Davis, III, Esq. | $350.00 per hour |
| Michael A. Brown, Esq. | $225.00 per hour |

Law Clerks:

| | |
|---|---|
| Benjamin D. Brooks, J.D. | $150.00 per hour |

Paralegals:

| | |
|---|---|
| Dillon Swensen | $150.00 per hour |
| Brendan Flynn | $150.00 per hour |
| Chelsea Billups | $150.00 per hour |
| Francisca Bradley | $150.00 per hour |
| Eugene Meharg | $150.00 per hour |

**C. Attorney and Paralegal Experience Summary**

Attorneys:

Benjamin L. Davis, III, Esq. – Barred 2006 – 13 years – Mr. Davis is the head of the wage and hour department. He has successfully litigated dozens of wage and hour cases, including complex class and collective actions.

Michael A. Brown, Esq. Barred 2018 – 1 year – Mr. Brown has been working in the wage and hour division for five years. He attended law school in the evenings and worked diligently on case development and performing research during the day. He became a member of the bar in 2018 and is now a practicing attorney in the wage and hour division.

<u>Law Clerks:</u>

<u>Benjamin D. Brooks, J.D.</u> – After graduating from law school, Mr. Brooks has been a paralegal since 2006. He has been working in the wage and hour division for four years and is certified as an E-discovery specialist through ACEDS. He has provided significant assistance on a number of large scale class and collective actions.

<u>Paralegals:</u>

<u>Dillon Swensen</u> – Mr. Swensen is a college graduate who worked in the wage and Hour department for two years. He is certified as an E-discovery specialist through ACEDS and has a significant amount of expertise in assisting with discovery, research and draft motions. He is currently in law school at the University of Maryland.

<u>Brendan Flynn</u> – Mr. Flynn is a college graduate. His attention to detail and superb grasp of the overarching aims of the wage and hour department was of great assistance during his tenure.

<u>Chelsea Billups</u> – Ms. Billups is a college graduate who has been working in the wage and hour department for one year. During this time, her client focused approach and hard work have helped the department be successful.

<u>Francisca Bradley</u> - Ms. Bradley has been with the firm for eight years, three of which have been spent in the wage and hour department. Her wealth of knowledge, attention to detail and work ethic contribute to the quality of work she produces on a daily basis.

<u>Eugene Meharg</u> – Mr. Meharg is a college graduate who has obtained his graduate degree in conflict analysis. Since coming to the wage and hour division he has used his background and technical skills to complete projects with efficiency and precision.

<u>**CONCLUSION**</u>

The wealth of experience for both the attorneys, law clerks and the paralegals in the wage and hour department is significant. The hourly billing rates for all individuals is commensurate

with the amount of expertise they possess, as well as being within the guidelines of the local rules.

For the foregoing reasons, Plaintiffs respectfully submit that the settlement is fair and equitable.

Respectfully submitted,

*/s/ Benjamin L. Davis, III*
Benjamin L. Davis, III (29774)
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.: (410) 244-8454

*Attorney for Plaintiffs*

*Mitchell, et al. v. Nolan Transportation Group, LLC*

| Firm Employee: | Minutes Spent: | Hours: | Fees: | |
|---|---|---|---|---|
| Benjamin Davis | 4706 | 78.43 | $ | 27,451.67 |
| Michael Brown (attorney) | 4590 | 76.50 | $ | 17,212.50 |
| Attorneys | 9296 | 154.93 | $ | 44,664.17 |
| | | | | |
| Ben Brooks | 340 | 5.67 | $ | 850.00 |
| Dillon Swensen | 60 | 1.00 | $ | 150.00 |
| Francisca Bradley | 25 | 0.42 | $ | 62.50 |
| Chelsea Billups | 48 | 0.80 | $ | 120.00 |
| Brendan Flynn | 762 | 12.70 | $ | 1,905.00 |
| Paralegals | 1235 | 20.58 | $ | 3,087.50 |
| Total | 10531 | 175.52 | $ | 47,751.67 |
| | | | | |
| Cost | | | $ | 700.00 |
| **Grand Total** | | | $ | **48,451.67** |

# Exhibit 1

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (the "Agreement") is executed as of November 4th , 2019, and is made by and between Plaintiff Bryson Mitchell, Plaintiff Tyler Winters, Plaintiff Kirk Heilman, Plaintiff Robert Ragans, and Plaintiff Lawrence Thompson, by and through their undersigned attorneys (collectively, "Plaintiffs"), and Defendant Nolan Transportation Group, LLC ("Defendant"). Throughout this Agreement, Plaintiffs and Defendant will be referred to collectively as the "Parties." The use of "Plaintiffs" in any provision, section, subsection, or sentence also applies the particular provision, section, subsection, or sentence fully and with equal force to an individual Plaintiff or any combination thereof.

## <u>RECITALS</u>

**A.** Plaintiffs allege that Defendant failed to pay them certain wages due under the Fair Labor Standards Act ("FLSA");

**B.** Defendant denies that it is liable to Plaintiffs under the FLSA or any other cause of action relating to Plaintiffs' employment by Defendant. Plaintiffs acknowledge that Defendant's settlement of any and all claims Plaintiffs may have against Defendant related to their employment, or otherwise, under the terms described in this Agreement does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time;

**C.** The Parties have negotiated a settlement in good faith and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims Plaintiffs may have against Defendant related to their employment or otherwise;

**D.** Plaintiffs understand that they have the right to consult with an attorney before signing this Agreement. Plaintiffs have, in fact, consulted with their attorney at The Law Offices of Peter T. Nicholl, and have been fully informed about the terms and conditions of this Agreement by their attorney. After carefully considering this Agreement, Plaintiffs have elected to participate in the settlement and to execute this Agreement. By executing this Agreement, Plaintiffs acknowledge that they understand the terms and conditions of this Agreement, knows that they are giving up important rights, have elected to participate in the settlement, acknowledge that they have signed the Agreement knowingly and voluntarily, and further acknowledge that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant or any other person, other than the terms and conditions set forth in this Agreement. By executing this Agreement, Plaintiffs agree that they are releasing the claims described herein and foregoing pursuit of such claims in any forum; and

**E.** The Parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties expressly, knowingly and voluntarily agree as follows:

# Exhibit C

1.     **Settlement Funds.**  Without admitting any liability, Defendant has offered to pay, and Plaintiffs have agreed to accept, the total sum of Fifty-Four Thousand, Three Hundred, Seventy-One Dollars and Sixteen Cents ($54,371.16) (the "Settlement Payment") in full settlement and satisfaction of all of Plaintiffs' claims against Defendant – including, without limitation, any claims that were or could have been asserted in any forum against Defendant and Plaintiffs' claims for attorneys' fees and costs.

2.     **Payment of Settlement Funds.**  Within fifteen (15) calendar days of the Court's order granting the Parties' Joint Motion for Approval of this Settlement Agreement in accordance with Paragraph 11, below, Defendant shall pay or cause to be paid the Settlement Payment, which shall be disbursed as follows:

**Plaintiff Mitchell:**   (1) $1,607.91, minus applicable withholding or deductions, in satisfaction of his claim for lost wages;  and (2) $803.96, in satisfaction of his claim for liquidated damages and any other claims he has, may have, or has ever had against Defendant and/or the other Releasees (defined below) as of the date he executes this Agreement.  All payments set forth above shall be made by check made payable to Plaintiff Mitchell.

**Plaintiff Winters:**   (1) $1,645.30, minus applicable withholding or deductions, in satisfaction of his claim for lost wages; and (2) $822.65, in satisfaction of his claim for liquidated damages and any other claims he has, may have, or has ever had against Defendant and/or the other Releasees (defined below) as of the date he executes this Agreement.  All payments set forth above shall be made by check made payable to Plaintiff Tyler Winters.

**Plaintiff Heilman:**   (1) $3,807.71, minus applicable withholding or deductions, in satisfaction of his claim for lost wages;  and (2) $1,903.86, in satisfaction of his claim for liquidated damages and any other claims he has, may have, or has ever had against Defendant and/or the other Releasees (defined below) as of the date he executes this Agreement.  All payments set forth above shall be made by check made payable to Plaintiff Kirk Heilman.

**Plaintiff Ragans:**   (1) $4,269.24, minus applicable withholding or deductions, in satisfaction of his claim for lost wages;  and (2) $2,314.62, in satisfaction of his claim for liquidated damages and any other claims he has, may have, or has ever had against Defendant and/or the other Releasees (defined below) as of the date he executes this Agreement.  All payments set forth above shall be made by check made payable to Plaintiff Robert Ragans.

**Plaintiff Thompson:**   (1) $6,442.27, minus applicable withholding or deductions, in satisfaction of his claim for lost wages;  and (2) $3,221.14, in satisfaction of his claim for liquidated damages and any other claims he has, may have, or has ever had against Defendant and/or the other Releasees (defined below) as of the date he executes this Agreement.  All payments set forth above shall be made by check made payable to Plaintiff Lawrence Thompson.

**The Law Offices of Peter T. Nicholl:** $27,532.50 (check made payable to the firm) in satisfaction of any claim by Plaintiffs and/or their attorneys against Defendant for attorneys' fees and costs.

Defendant shall issue the appropriate IRS forms W-2 and/or 1099 for the amounts set forth above. It is expressly understood and agreed that Plaintiffs have not relied whatsoever upon any advice from Defendant or their attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits transferred hereunder. Plaintiffs and The Law Offices of Peter T. Nicholl shall complete the appropriate W-9 forms to allow Defendant to process payment of the Settlement Payment.

     **3.**     **Plaintiffs' Release of Defendant.**  In consideration of the sums and benefits described in this Agreement, Plaintiffs hereby forever discharge and release Defendant, and its parents, subsidiary and affiliated companies, and its and their agents, officers, shareholders, directors, managers, members, employees, successors and assigns, related or affiliated companies' predecessors and successors; and, with respect to each such entity, all of its past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this Paragraph, and each and all of the foregoing (collectively "Releasees"), individually and collectively, from all Claims.  Claims refer to and include any and all pending or future claims, charges, demands, causes of action, damages, complaints, expenses and compensation which Plaintiffs now have or may in the future have, or which any person or entity may have on their behalf (a) on account of or arising out of any matter or thing which has happened, developed or occurred before the date of this Agreement; and/or (b) arising from Plaintiffs' employment with Defendant, their separation from employment with Defendant, their other relationships and dealings with Defendant and/or the other Releasees, and Plaintiffs' separation from such other relationships or dealings; and/or (c) for retaliation of any kind; and/or (d) arising out of or under the common law contract or tort; and/or (e) any other claims that may have arisen under any federal, state, or local employment law, including, but not limited to, claims arising under the Uniform Trade Secrets Act, the Civil Rights Act of 1964 (Title VII), the Civil Rights Acts of 1866, 1871, and 1991, the Equal Pay Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Rehabilitation Act, the Uniformed Services Employment and Reemployment Rights Act, Consolidated Omnibus Budget Reconciliation Act (COBRA), Davis-Beacon Act, Drug Free Workplace Act of 1988, Electronic Communications Privacy Act of 1986, Employee Polygraph Protection Act of 1988, Fair Credit Reporting Act, Federal Omnibus Crime Control and Safe Streets Act of 1968, the Hate Crimes Prevention Act of 1999, The Occupational Safety and Health Act, Omnibus Transportation Employee Testing Act of 1991, Privacy Act of 1993, The Sarbanes-Oxley Act, Veterans Reemployment Rights Act, Worker Adjustment and Retraining Notification Act (WARN), and any other federal, state, or local statute, law, rule, regulation or ordinance relating to employment, the creation of the employment relationship, employment discrimination, employment benefits, wage and hour, compensation, or employment law, privacy, and all other statutory and common law claims relating to their employment. Plaintiffs hereby waive, discharge and release Defendant and all Releasees from any damages or relief of whatever nature or description, including, but not limited to, compensatory and punitive damages and equitable forms of relief, as well as any claim

Plaintiffs expressly waive all rights afforded by any statute which limits the effect of a release with respect to unknown and unsuspected claims. Plaintiffs understand and agree that if any facts with respect to this Agreement or Plaintiffs' prior treatment by or employment with Defendant are found to be different from the facts now they believe to be true, Plaintiffs expressly accept, assume the risk of, and agree that the Agreement shall remain effective notwithstanding such differences. Plaintiffs agree that the various items of consideration set forth in the Agreement fully compensate for said risks, and that Plaintiffs will have no legal recourse against the Releasees in the event of discovery of a difference in facts.

5.    **No Other Suits or Claims.**  Plaintiffs and their attorneys represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Defendant or Releasees with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board; nor are they aware of any facts that would serve as the basis for any civil or administrative proceeding. Specifically, Plaintiffs acknowledge and agree that all employment circumstances are unique and with Defendant's payment of the Settlement Payment, they have been properly paid for all hours worked, and that they are not entitled to any other wages, benefits, compensation or payments from Defendant.  Plaintiffs and their attorneys further represent that, as of the date of this Agreement, they are not aware of any other persons with claims or potential claims against Defendant.

By entering into this Agreement, Plaintiffs waive (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Defendant and/or the other Releasees that occurred on or prior to the date they executed this Agreement, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Secretary of Labor, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency. The provisions of this Paragraph shall not bar Plaintiffs from filing an action with respect to the enforcement or interpretation of this Agreement, or from participating in any action or proceeding in which they are compelled lawfully to do so pursuant to a court order or subpoena. Nothing in this Agreement is intended to prevent Plaintiffs from cooperating in a federal, state or local investigation.

6.    **No Right of Employment.**  Plaintiffs disclaim and waive any right to future employment with Defendant or any of the Releasees, and further agree not to seek employment with Defendant or any of the Releasees, now or at any future time. Plaintiffs also agree to waive any right to perform work for Defendant, or any of its related entities, in the future in any capacity (e.g., as an independent contractor or temporary worker). Plaintiffs acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to employ or otherwise engage them. Defendant acknowledges and agrees, without waiving its right to refuse Plaintiffs' employment or terminate Plaintiffs' inadvertent reemployment, that any inadvertent application with it or any of its parent or subsidiary companies shall not be considered a material breach of this agreement.

7.    **Indemnification.**   Plaintiffs agree to indemnify and hold Defendant harmless from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or

state taxing authority arising out of the tax treatment of the Settlement Payment set forth in Paragraphs 1 and 2. Plaintiffs further agree to indemnify and hold Defendant harmless from any claims of any attorney or law firm purporting to represent or to have represented Plaintiffs in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant.

8. **Confidentiality.** Plaintiffs agree to hold and maintain in strictest confidence the terms and conditions of this Agreement, and they promise not to disclose the terms and conditions to any person, group, media or entity of any kind whatsoever, other than in confidence to Plaintiffs' attorneys, accountants, and immediate members of their family. Plaintiffs shall cause their attorneys, accountants and immediate family members to honor this covenant of confidentiality. All Plaintiffs or those to whom disclosure is permitted may acknowledge to any person, if inquiry is made, is that Plaintiffs sent Defendant a demand letter, that Defendant denied any and all liability, and that the matter has been settled amicably without admission of liability by any party. The only exceptions to this non-disclosure and confidentiality provision for Plaintiffs are that this Agreement may be used as evidence in a subsequent proceeding concerning allegations of a breach of the Agreement or if Plaintiffs are required by law to disclose information regarding this Agreement or for purposes of approving a settlement of a claim under the Fair Labor Standards Act. *The Parties understand and agree that disclosure of the terms of this Agreement to a court in connection with seeking judicial approval of this Agreement is not in violation of this confidentiality provision.*

9. **Non-Disparagement/Employment Verification.** Plaintiffs agree not to disparage or otherwise harm the reputation, good will or commercial interests of Defendant and/or the other Releasees in written or oral communication with any person or entity. In response to inquiries for verification of Plaintiffs' employment, Defendant will provide verification of Plaintiffs' employment by providing their job titles, job statuses, work statuses, dates of hire, employer's name, and employer's address.

10. **Judicial Approval of Settlement and Dismissal of Lawsuit.** Within (10) calendar days after Defendant receives a copy of the Agreement executed by Plaintiffs, the Parties will file a Joint Motion for Approval of Agreement seeking the Court's approval of the Agreement in Georgia state court. The Parties agree that, at Defendant's sole option and in Defendant's sole discretion, the Agreement shall be null and void in the event that the Court fails to approve the Agreement. The Parties agree that seeking judicial approval of the Agreement does not waive or modify their arbitration agreement.

11. **No Admission of Liability.** Plaintiffs understand and agree that the Releasees admit no liability under the FLSA or any other claim related to or arising out their employment by Defendant or any other matters. Defendant and the other Releasees expressly deny liability for any and all claims asserted by Plaintiffs, and the Parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms. The Parties also agree that this settlement Agreement shall in no way be construed to be a waiver or amendment to any of the provisions set forth in the Parties' arbitration agreement.

12. **Medicare.** Plaintiffs acknowledge and warrant as true and correct that they are not Medicare beneficiaries as described under Section 1862(b) of the Social Security Act.

**13.** **Enforcement.** Any party shall have the right specifically to enforce this Agreement, except for provisions which subsequently may be held invalid or unenforceable. In the event there is litigation regarding the interpretation or enforcement of this Agreement, the prevailing party shall be entitled to recover their, his, or its attorneys' fees and costs.

**14.** **Severability and Survival.** If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

**15.** **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, as they are applied to contracts made and to be wholly performed in Georgia, regardless of choice of law principles to the contrary.

**16.** **Venue.** The Parties acknowledge and agree that jurisdiction and venue shall lie exclusively in arbitration pursuant to the Parties' arbitration agreement as to any disputes over the enforcement of this Agreement.

**17.** **Non-assignment of Claims or Causes of Action.** Plaintiffs warrant and represent that they have made no assignment and covenants that they will make no assignment of the claims, demands or causes of action released herein.

**18.** **Interpretation.** This Agreement will be construed as a whole according to its fair meaning, and not strictly for or against any party. Specifically, all Parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship. Unless the context indicates otherwise, the term "or" will be deemed to include the term "and" and the singular or plural number will be deemed to include the other. Paragraph headings used in this Agreement are intended solely for convenience of reference and will not be used in the interpretation of this Agreement

**19.** **Execution in Counterparts.** The Parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

**20.** **Recitals.** The recitals are incorporated by reference.

**21.** **Entire Agreement.** This Agreement comprises the entire agreement between the Parties regarding the matters contained herein. This Agreement has been entered into by Plaintiffs with a full understanding of its terms, with an opportunity to consult with counsel and without inducement or duress. Plaintiffs acknowledge that no promise or agreement not expressed in this Agreement has been made to Plaintiffs. This Agreement may not be changed orally. This Agreement supersedes any prior or contemporaneous agreement, arrangement or understanding of its subject matters.

**[Remainder of page left blank intentionally.]**

DocuSign Envelope ID: 33953005-F798-4E73-9520-C5453895EA4C

**NOW, THEREFORE,** the Parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

**[Signatures below and on following pages.]**

Date: _____          **BRYSON MITCHELL**

_____

Date: __11/1/2019__          **TYLER WINTERS**

*Tyler Winters*
_____

Date: _____          **KIRK HEILMAN**

_____

Date: _____          **ROBERT RAGANS**

_____

Date: _____          **LAWRENCE THOMPSON**

_____

Date: _____          **PLAINTIFFS' ATTORNEYS**
                                 **LAW OFFICES OF PETER T. NICHOLL**

**By:** _____

**Its:** _____

4828-9495-0265.1

**NOW, THEREFORE,** the Parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

**[Signatures below and on following pages.]**

Date: _____          **BRYSON MITCHELL**

_____

Date: _____          **TYLER WINTERS**

_____

Date: _____          **KIRK HEILMAN**

_____

Date: _____          **ROBERT RAGANS**

_____

Date: 10/30/2019                 **LAWRENCE THOMPSON**

_____

Date: _____          **PLAINTIFFS' ATTORNEYS**
                                 **LAW OFFICES OF PETER T. NICHOLL**

                                 **By:** _____

                                 **Its:** _____

**NOW, THEREFORE,** the Parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

**[Signatures below and on following pages.]**

Date: _____          **BRYSON MITCHELL**

_____

Date: _____          **TYLER WINTERS**

_____

Date: _____          **KIRK HEILMAN**

_____

Date: 10/29/2019          **ROBERT RAGANS**

_Robt Ragns_

Date: _____          **LAWRENCE THOMPSON**

_____

Date: _____          **PLAINTIFFS' ATTORNEYS**
**LAW OFFICES OF PETER T. NICHOLL**

By: _____

Its: _____

4828-9495-0265.1

**NOW, THEREFORE,** the Parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

**[Signatures below and on following pages.]**

Date: 10/29/2019        **BRYSON MITCHELL**

_____

Date: _____        **TYLER WINTERS**

_____

Date: _____        **KIRK HEILMAN**

_____

Date: _____        **ROBERT RAGANS**

_____

Date: _____        **LAWRENCE THOMPSON**

_____

Date: _____        **PLAINTIFFS' ATTORNEYS**
                                       **LAW OFFICES OF PETER T. NICHOLL**

                                       **By:** _____

                                       **Its:** _____

**NOW, THEREFORE,** the Parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

**[Signatures below and on following pages.]**

Date: _____          **BRYSON MITCHELL**

_____

Date: _____          **TYLER WINTERS**

_____

Date: _10/29/2019____          **KIRK HEILMAN**

_Kcl_____

Date: _____          **ROBERT RAGANS**

_____

Date: _____          **LAWRENCE THOMPSON**

_____

Date: _____          **PLAINTIFFS' ATTORNEYS**
                               **LAW OFFICES OF PETER T. NICHOLL**

                               **By:** _____

                               **Its:** _____

DocuSign Envelope ID: 33953005-F798-4E73-9520-C5453895EA4C

Date: 11/4/2019

NOLAN TRANSPORTATION GROUP, LLC

By: _____

Its: Vice President of HR