IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRYSON MITCHELL, ROBERT RAGANS, TYLER WINTERS, and KIRK HEILMAN, Individually and on Behalf of All Similarly Situated Employees )))))) | |
| ) ) | CIVIL ACTION FILE NO.: 1:19-CV-02812-AT |
| Plaintiff, ) ) | |
| v. ) NOLAN TRANSPORTATION ) GROUP, LLC, ) ) | |
| Defendants. ) | |

# [PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs Bryson Mitchell, Robert Ragans, Tyler Winters, Kirk Heilman and Lawrence Thompson (hereinafter, "Plaintiffs") and Nolan Transportation Group, LLC (hereinafter, "Defendant") (hereinafter, collectively referred to as "the Parties") have provided the Court with sufficient information to conclude that Plaintiffs have been afforded complete relief on their respective Fair Labor Standards Act ("FLSA") claims. Complete relief renders a case moot, as recognized in *Genesis Healthcare Corp. v. Symcyk*, 133 S.Ct. 1523 (2013).

The settlement agreement represents a fair and reasonable resolution of a *bona fide* dispute under the FLSA. *See Dees v. Hydradry, Inc., et al.*, 706 F. Supp. 2d 1227

(M.D. Fla. April 19, 2010); *see also Schulte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946); *see also Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). The settlement terms also satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23. *Singleton v. Domino's Pizza, LLC*, 2013 WL 12246357, at *2 (D. Md. May. 13, 2013).

The Court finds that the settlement was the product of arms' length negotiations between Counsel for the Parties, who are experienced in the field of FLSA litigation.

The attorneys' fees and costs to be paid under the settlement agreement are separately stated and Counsel have provided sufficient information to permit the Court to conclude that the fees and costs represent payments for amounts actually incurred at a reasonable hourly rate. The amount for fees and costs bear a reasonable relationship to the amount being paid to Plaintiffs under the Agreement.

It is, therefore, **ORDERED** that the Parties' settlement agreement is **APPROVED** and this action and Plaintiffs' claims are dismissed **WITH PREJUDICE** except that the Court expressly retains jurisdiction to enforce the settlement which has been approved by the Court. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673 (1994). Each party shall bear its or his own costs and expenses.

SO ORDERED this \_\_\_\_ day of March 2020.

_____
Honorable Amy Totenberg
Judge, U.S. District Court for the Northern District of Georgia

Prepared, consented to and submitted by:

/s/ Alan E. Lubel
Alan E. Lubel
Georgia Bar No. 460625
BERMAN FINK VAN HORN P.C.
3475 Piedmont Road, NE
Suite 1100
Atlanta, Georgia 30305
Telephone: 404-917-1080
Facsimile: 404-233-1943
alubel@bfvlaw.com

/s/ Joel Griswold
Joel Griswold
Georgia Bar No. 1008827
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801
(407) 649-4000 - Office
(407) 841-0168 – Facsimile
jcgriswold@bakerlaw.com

*Attorney for Defendant*

/s/ Benjamin L. Davis, III
Benjamin L. Davis, III (29774)
*(admitted pro hac vice)*
Michael A. Brown (28014)
*(admitted pro hac vice)*
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.: (410) 244-8454
bdavis@nicholllaw.com

*Attorney for Plaintiffs*